UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL JOHNSTON, on his own behalf and on behalf of a class of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HOWARD COUNTY SHERIFF, in his official capacity; <br> HOWARD COUNTY, INDIANA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:23-cv-1921 |

**Class Action Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. The Howard County Jail is more than 30 years old and is chronically and seriously overcrowded. As a direct result, violence between prisoners is a common experience as prisoners are crammed into overcrowded cells and cell areas. Prisoners receive inadequate recreation. There is inadequate supervision of the prisoners. Presumably because of the age of the facility, there are frequent water leaks in the cells, wetting the floors where prisoners are forced to sleep because the bunks in the cells are occupied. Conditions in the Jail violate the requirements of the United States Constitution. Declaratory and injunctive relief should issue to address and remedy the systemic problems in the Jail.

**Jurisdiction**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202, and by Rule 57 of the Federal Rules of Civil Procedure.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

**Parties**

6. Michael Johnston is an adult person who is currently confined to the Howard County Jail.

7. The office of the Howard County Sheriff is sued pursuant to Rule 25(d)(2) of the Federal Rules of Civil Procedure.

8. Howard County, Indiana, is a county located in north-central Indiana. Its executive is the Howard County Commissioners.

**Class action allegations**

9. This action is brought by plaintiff on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

10. The class is defined as:

>  all persons currently confined, or who will in the future be confined, in the Howard County Jail.

11. All the requirements of Rule 23(a) are met in this cause in that:

    a. The class is so numerous that joinder of all members is impractical. Although the Jail has approximately 360 permanent beds, it regularly houses more than this number of persons and the membership of the class is constantly changing as prisoners enter and leave the facility.

    b. There are questions of law or fact common to the class: whether conditions in the Howard County Jail violate the United States Constitution.

    c. The claims of the representative party are typical of those of the class.

    d. The representative party will fairly and adequately protect the interests of the class.

12. The further requirements of Rule 23(b)(2) are met in this cause as at all times defendants have acted or have refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

13. Undersigned counsel are appropriate persons to be appointed as counsel for the class pursuant to Federal Rule of Civil Procedure 23(g) and should be appointed.

**Legal background**

14. Indiana law provides that the sheriff of a county must "take care of the county jail and the prisoners there." Ind. Code § 36-2-13-5(a)(7).

15. The county commissioners of each Indiana county, as the county executive, have the statutory duty to "establish and maintain a . . . county jail." Ind. Code § 36-2-2-24(a). This includes not only providing a jail, but also keeping it in good repair. *Weatherholt v.*

*Spencer County*, 639 N.E.2d 354, 356 (Ind. Ct. App. 1994).

**Factual allegations**

16. The Howard County Jail is more than 30 years old.

17. At the current time it has 364 total permanent beds.

18. However, the Jail routinely houses many more than 364 prisoners.

19. A jail facility is deemed to be overcrowded long before it gets to 100% of its capacity.

20. This is because when a jail exceeds approximately 80% of its capacity, it becomes difficult, if not impossible, to conduct classification of prisoners much beyond separating men and women.

21. Classification is essential to protect the safety of both prisoners and staff. For example, prisoners with mental and physical disabilities should be separated from those without disabilities, prisoners who are prone to be preyed upon should be separated from predators, prisoners who have previous problems with each other should be separated, and so forth.

22. The population pressures on the Howard County Jail prevent effective classification.

23. As a result of the overcrowding, more persons are assigned to cells than there are permanent beds in the cells. The "extra" prisoners must sleep on the floors of the cells because the permanent beds are occupied.

24. Some of the "extra" prisoners are provided plastic platforms, called "boats," for their mattresses that would otherwise be placed on the floor. However, not all of the "extra" prisoners are provided "boats" and their mattresses are placed directly on the floors of the cells.

25. The placement of more prisoners in the cells than there are permanent beds causes an enormous amount of tension as space is extremely tight. Toilets are in each cell and when prisoners are on the floor they have to be stepped over for the prisoners in the permanent beds to use the toilets. The "extra" prisoners in each cell are forced to sleep near toilets.

26. Space is so tight that the person on the floor must stand up when another person uses the toilet. If they do not, male prisoners on the floor will be splattered with urine.

27. Prisoners on the floor are frequently stepped on, causing injuries and fights.

28. The prisoners are locked into their cells at night.

29. Immediately outside of the cells there is a "day area" containing a number of tables, showers, and kiosks. Prisoners may be released into this area for a few hours each day.

30. The prisoners are locked into their cells when they are served meals.

31. There simply is insufficient room in the cells when there are more people occupying them than there are permanent beds: accommodating prisoners who are sleeping on the floor means that space is no longer usable for prisoners to move about

the cells.

32. Due to the fact that the Jail is overcrowded, there is insufficient room in the "day areas" to engage in any meaningful exercise as there are too many prisoners in the area.

33. Recreation outside of the prisoners' cell blocks is rarely provided.

34. In order for the safety of prisoners to be assured, there must be the ability to observe prisoners at all times.

35. Although there are some cameras in the cell blocks in the Howard County Jail, there are many areas that cannot be observed via the cameras.

36. There are control areas that allow staff to look into the cell blocks, but at times there are no staff persons in the areas.

37. Although staff is supposed to walk through the cell blocks every hour, this does not always occur.

38. Because of the tension caused by the constant overcrowding, there are frequent assaults and fights involving the prisoners. Many of these are not seen by the staff and are not reported to them.

39. The assaults sometimes result in prisoners having to go to the hospital for medical attention.

40. Prisoner violence against jail staff also frequently occurs.

41. Perhaps because of the age of the Howard County Jail, many cells experience leaks from plumbing fixtures. These result in prisoners having to put their bedding or boats on

wet floors.

42. The cells are dirty.

43. Michael Johnston has been in the Howard County Jail since May of 2023.

44. He has been sentenced to the Indiana Department of Correction after having been found to have violated probation and having been found guilty of a new offense.

45. He is currently in the cell block designated as 4-A, which contains 16 cells that each have 2 permanent beds.

46. As of October 25, 2023, all of the cells but four have an extra person in the cell.

47. Mr. Johnston slept on the floor in his cell for 45 days because the two bunks were occupied. He did not have a "boat." He only recently was able to leave the floor when one of the other prisoners in the cell left.

48. The cell is too small for three people and having to sleep on the floor causes a great deal of tension and agitation between the prisoners.

49. There is frequent violence between the prisoners and a constant threat of violence.

50. He is aware of prisoners who had to be taken to the hospital after fights.

51. He is aware that there are areas in the cell blocks in the jail where cameras do not reach.

52. He is aware that staff is supposed to walk through and inspect the cell blocks at least once an hour. However, at times this does not happen.

53. At times there are no officers in the control area that looks into the cell area.

54. He is aware that there has been a suicide in the Jail in the last few months as well as at least two instances of prisoners attempting suicide.

55. He is Muslim and is forced to conduct his daily prayers by the toilet as the cell block is too crowded to do it anywhere else. This violates his religious beliefs as his prayers must occur in a space that is clean. Staff has instructed Muslim prisoners that they cannot pray in the day rooms.

56. He has experienced water leaking into his cell so that he had to put his mattress onto a wet floor.

57. He is aware that prisoners are not properly classified. For instance, he is aware that persons facing misdemeanors for non-violent offenses and who are not violent are placed with violent prisoners facing serious felony charges. He is also aware of persons with obvious mental health problems being placed with violent prisoners where they are preyed upon.

58. Mr. Johnston has been allowed to leave his cell area and go to the Jail's recreation area only approximately four times since September 1, 2023, although recreation is supposed to be once a week.

59. Frequent recreation outside of the cell area is essential so prisoners can "blow off steam" and minimize the tension that can, and frequently does, lead to violence. Mr. Johnston and the other prisoners are adversely affected by the lack of recreation.

60. The lack of recreation, the overcrowding, and the lack of adequate staff

supervision have caused, and continues to cause, tension and dangerous conditions in the blocks where Mr. Johnston has been housed and where he continues to be housed.

61. Mr. Johnston is concerned not only for his own safety, but for the safety of other prisoners who are similarly injured by conditions in the Jail. He believes that all prisoners are negatively affected by the overcrowding, lack of sufficient staff supervision, lack of recreation, and the other problems that all this causes.

62. Mr. Johnston has filed a number of grievances complaining about the overcrowding. However, he has received no responses and he has exhausted all grievance remedies available to him.

63. The conditions in the Howard County Jail result in the denial of basic human needs and the minimal civilized measure of life's necessities, and amount to punishment.

64. Defendants have been on notice for years concerning the deficiencies in the Howard County Jail, but have failed to take the necessary steps to resolve the overcrowding and other problems. At all times they have acted with knowledge of the conditions in the Howard County Jail and have been deliberately indifferent to the substantial risk of serious harm to the prisoners caused by the conditions in the Jail.

65. Howard County has failed in its mandatory duty to establish and maintain the Howard County Jail in a constitutional manner.

66. Defendant Sheriff has failed in his mandatory duty to take care of the Howard County Jail and the prisoners detained there in a constitutional manner.

67. The actions and inactions of the defendants are causing plaintiff and the putative class irreparable harm for which there is no adequate remedy at law.

68. At all times defendants have acted and have refused to act under color of state law.

**Claim for relief**

69. The conditions of the Howard County Jail violate the 14th Amendment to the United States Constitution as applied to pre-trial detainees and the 8th Amendment to the United States Constitution as applied to convicted prisoners.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Certify this case as a class action, with the class as defined above, and appoint undersigned counsel as class counsel pursuant to Federal Rule 23(g).

3. Declare that the actions and inactions of defendants violate the United States Constitution for the reasons noted above.

4. Enter a permanent injunction requiring defendants to take all steps necessary to ensure that the conditions of confinement at the Howard County Jail comply with the United States Constitution.

5. Award plaintiff costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.

Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff and the Putative Class